IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-HC-2172-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SEAN MICHAEL WAYDA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on respondent's motion to dismiss. Petitioner has responded, respondent has replied, and a hearing on the matter was held before the undersigned on October 23, 2019, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling and, for the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

On March 15, 2016, respondent, Wayda, was charged by way of indictment in the United States District Court for the District of Maryland with one count of production of child pornography and one count of receipt of child pornography. 18 U.S.C. §§ 2551(a) & 2552(a)(2); *United States v. Wayda*, No. 1:16-CR-97-GLR-1 (D. Md. Mar. 15, 2016).[1] Wayda was arraigned in the District of Maryland on April 8, 2016, where he entered pleas of not guilty. On May 26, 2016, the United States moved to determine Wayda's competence to stand trial pursuant to 18 U.S.C. § 4241, and an order granting such motion was entered the same day. The District of Maryland court's order committed Wayda to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(b) to determine whether Wayda was incompetent to understand the nature and

---

[1] The indictment was later superseded to add additional counts of production and receipt of child pornography, as well as counts of extortion, coercion and enticement, and travel with intent to engage in illicit conduct. 18 U.S.C. §§ 875; 2422; and 2423.

consequences of the proceedings against him or assist properly in his defense. No. 1:16-CR-97-GLR-1 (D. Md. May 25, 2016). On December 16, 2016, the District of Maryland court conducted a competency hearing. The court found Wayda incompetent to stand trial and ordered Wayda committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d), for a period not to exceed four months, to determine whether there was a substantial probability that in the foreseeable future Wayda would be restored to competency. *Id.* (D. Md. Dec. 16, 2016).

On September 12, 2017, after having conducted a hearing, the court again committed Wayda to the custody of the Attorney General "pursuant to 18 U.S.C. § 4241 to undergo continued hospitalization for a reasonable period of time, not to exceed four months . . . as is necessary to determine whether there is a substantial probability that in the near foreseeable future he will attain the capacity to permit the trial to proceed." *Id.* (D. Md. Sept. 12, 2017). Another competency hearing was conducted on July 9, 2018, after which the District of Maryland, by order entered December 13, 2018, found that Wayda's competence was unable to be restored and that the court would conduct further proceedings subject to the provisions of 18 U.S.C. §§ 4246 and 4248. *Id.* (D. Md. Dec. 13, 2018).

A certification of sexual dangerousness pursuant to 18 U.S.C. § 4248(a) was completed on June 6, 2019, and filed in this district on June 11, 2019. [DE 1]. Wayda asks this Court to dismiss the certificate of sexual dangerousness and these proceedings for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff or petitioner has

the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). The Court assumes, without deciding, that the term custody in this context is "a mere element of a civil commitment claim[,]" and thus considers Wayda's motion under Rule 12(b)(6). *United States v. Welsh*, 879 F.3d 530, 534 (4th Cir. 2018).

Section 4248 is "unambiguous with respect to those eligible for certification, and it identifies three categories of persons who may be certified as sexually dangerous . . .." *United States v. Broncheau*, 645 F.3d 676, 684 (4th Cir. 2011). The first category consists of persons who are in the custody of the Bureau of Prisons (BOP). The second category consists of persons who have been committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d). The third category consists of persons against whom all criminal charges have been dismissed due to the mental condition of the individual. The filing of a certification of sexual dangerousness stays the release of the certified individual pending completion of the § 4248 procedures. 18 U.S.C. § 4248(a).

Although he had been previously committed under § 4241(d), Wayda was no longer in the Attorney General's custody pursuant to § 4241(d) when he was certified as sexually dangerous pursuant to § 4248. Section 4241(d) provides:

> **(d) Determination and disposition.--**If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--
> **(1)** for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
> **(2)** for an additional reasonable period of time until--

3

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
(B) the pending charges against him are disposed of according to law;
whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

18 U.S.C. § 4241(d). Section 4241(d) "requires that a determination as to the individual's mental condition be made within four months[.]" *United States v. Baker*, 807 F.2d 1315, 1320 (6th Cir. 1986); *see also United States v. Flanery*, 879 F.2d 863 (4th Cir. 1989) (unpublished table decision).

Wayda was committed to the Attorney General's custody pursuant to § 4241(d) on December 16, 2016; the four-month period within which a determination as to Wayda's restoration potential had to be made expired on April 16, 2017. No order was entered pursuant to section 4241(d)(2)(A) extending the § 4241(d)(1) reasonable evaluation period. Rather, the District of Maryland entered a second order on September 12, 2017, purporting to commit Wayda for a second restoration evaluation period under § 4241(d)(1). That four-month period expired on January 12, 2018. Thus, more than two years elapsed between expiration of Wayda's first section 4241(d) commitment period and his certification under § 4248(a), [DE 1-1], and more than sixteen months elapsed between expiration of Wayda's second § 4241(d) commitment period and his section 4248(a) certification.

This Court need not determine whether Wayda's second § 4241(d) commitment was proper, as Wayda's § 4248(a) certification occurred after his § 4241(d) commitment was well-stale under either of the District of Maryland's orders. Although the government argues that the section 4248(a) category of persons criteria should be read broadly to include anyone who, at any time, was committed under § 4241(d) for competency restoration, such reading is simply untenable in light of the Congress' clear mandate that competency restoration include a brief period of custody

4

*not to exceed four months. See Jackson v. Indiana*, 406 U.S. 715, 733 (1972) (indefinite civil commitment without finding of dangerousness would not withstand constitutional scrutiny); *see also United States v. Hardy*, 770 F. Supp. 2d 410, 412-13 (D. Me. 2011) (logical reading of section 4248(a) is that "it applies to defendants who have been committed to, and still remain in, custody for the § 4241(d) treatment, not forever thereafter."). Indeed, in considering a similar commitment scheme under 18 U.S.C. § 4246, the court of appeals held that "[i]t is only upon compliance with the procedures, under § 4246, that federal detention can be continued after the time allotted by section 4241 has expired[.]" *United States v. Charters*, 829 F.2d 479, 486 (4th Cir. 1987), *on reh'g*, 863 F.2d 302 (4th Cir. 1988).

Congress was clear when it placed time limitations on the period of commitment during which the authorities may assess whether a criminal defendant's competency can be restored. Congress was further unambiguous when it determined that § 4248 proceedings may only be initiated against three categories of persons, one of which includes those persons committed pursuant to § 4241(d) for competency restoration evaluation. The Court can divine no reason that Congress would enact such limitations if they could simply be ignored. Such a reading is further consistent with § 4248(a), which places the authority to certify individuals as sexually dangerous with Director of the Bureau of Prisons or a person authorized by the Attorney General. It is not the district court which orders review of a person for sexual dangerousness, and thus, while Wayda was in custody pursuant to § 4241(d), his custodian had the authority to consider his dangerousness for purposes of § 4246 and § 4248.

There has been no suggestion that the record in Wayda's case demonstrates any reasonable administrative delay in filing the § 4248 evaluation. *See United States v. White*, No. 5:18-HC-2295-BR (E.D.N.C. Mar. 15, 2019) (citing *Flannery*, 879 F.2d 863 *3). Wayda's § 4241(d)

commitment period plainly expired long before his review and certification pursuant to § 4248(a) was conducted. Accordingly, Wayda was not in the second category of persons who may be considered for commitment pursuant to § 4248(a).

Nor was Wayda in the first category of persons who may be considered for § 4248 commitment, as he was not in the custody of the BOP. Individuals are in the custody of the BOP when they are in both the physical and legal custody of the BOP – that is, when the BOP has "ultimate legal authority" over the person. *United States v. Savage*, 737 F.3d 304, 307 (4th Cir. 2013). Accordingly, this category of persons subject to § 4248 certification has been determined to be "consistent with [the] other categories if read as including those remanded to the custody of the BOP after a federal conviction." *United States v. Hernandez-Arenado*, 571 F.3d 662, 665 (7th Cir. 2009); *see also United States v. Joshua*, 607 F.3d 379, 386 (4th Cir. 2010). It is undisputed that Wayda has not been sentenced following a federal conviction. When Wayda's § 4241(d) commitment expired, he reverted to his status as pretrial detainee in the custody of the Attorney General. Congress made clear that § 4248 proceedings are not applicable to anyone who may be in the Attorney General's custody for any reason. Rather, it set clear limitations on those persons who may be considered for commitment, and for good reason, as commitment under § 4248 results a substantial deprivation in liberty. *See Addington v. Texas*, 441 U.S. 418, 425 (1979).

The government argues that the opinion in *United States v. Savage* requires a contrary result, but the government's reading of *Savage* is strained. In *Savage*, the court of appeals held that D.C. Code offenders are in both physical and legal custody of the BOP and therefore subject to § 4248 proceedings. *Savage*, 737 F.3d at 309. True, the appellate court stated that "there is no substantive difference between vesting legal custody in the Attorney General and legal custody in the BOP." *Id.* But *Savage* was premised on the D.C. Code, which expressly placed D.C. Code

offenders in the custody of the Attorney General to serve sentences imprisonment following their criminal convictions. Pretrial detainees, like Wayda, are held in the custody of the Attorney General, *Joshua*, 607 F.3d at 386, and the Court is unaware of any statute conferring legal authority over their custody to the BOP. There can be no doubt that pretrial detainees are occasionally housed in the BOP, but such temporary physical custody does not amount to a grant of ultimate legal authority. *Id.* at 390-91. The Court therefore concludes that Wayda was not in BOP custody at the time that he was certified pursuant to § 4248.

Finally, there is no argument that Wayda falls within the third category of persons who may be subject to § 4248 certification as his criminal charges remain pending. *See Wayda*, No. 1:16-CR-97-GLR-1 (D. Md.).

## CONCLUSION

Accordingly, the Court determines that Wayda was not in a category of persons against whom a certificate under § 4248(a) may be filed. The legal sufficiency of the certificate of sexual dangerousness is therefore lacking, and the certificate of sexual dangerousness and petition are properly dismissed without prejudice. Respondent's motion to dismiss [DE 22] is GRANTED. Respondent's motion to appoint an expert [DE 24] is DENIED AS MOOT. The clerk is DIRECTED to close the case.

SO ORDERED, this _4_ day of November, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE